QUESTION: May the governing board of Central and Southern Florida Flood Control District employ persons to act as hearing examiners on a case-by-case basis for a period terminating December 31, 1976, pursuant to Ch. 120, F.S. (1974 Supp.)?
SUMMARY: Pursuant to s. 120.57(1)(b), F.S., the governing board of Central and Southern Florida Flood Control District may employ a person on a part-time basis as a hearing officer until December 31, 1976. According to the facts submitted, the district currently retains five attorneys to act as part-time hearing examiners for hearings conducted pursuant to Ch. 373, F.S. The hearing examiners are employed and paid on a case-by-case basis and are all attorneys, although some are not admitted to practice in the State of Florida. These hearings are apparently conducted pursuant to s. 373.126, F.S. Section 120.52(1)(b), F.S., defines agency to include each "board, district and authority, including but not limited to, those described in chapters . . . 373 . . . ." Thus, the district is brought, by definition, within the purview of Ch. 74-310, Laws of Florida. By s. 3 of Ch. 74-310, it is abundantly clear that the Legislature intended that the act be preemptive and replace, with limited exceptions, all other Florida Statutes relating to rule making, agency orders, administrative determinations of substantial interests, and judicial review of administrative actions. Section 120.57(1), F.S., provides for assignment, by the newly created Division of Administrative Hearings, of a hearing officer to conduct all hearings under this section except for hearings: Before agency heads, other than those within the Department of Professional and Occupational Regulation; before a member of an agency head other than agency heads within the Department of Professional and Occupational Regulation; and certain other specified agencies and administrative judges, referees, and examiners designated in and excepted by s.120.57(1). Except for those agency heads or members thereof and Public Service Commission examiners in rate-making proceedings, all hearing officers must be employees of or on contract with the new division. Section 120.57(1)(c). No person may be employed by the division as a hearing officer unless he or she has been a member of The Florida Bar in good standing for the preceding three years. Section 120.65(2), F.S. An exception to these requirements is provided in s. 120.57(1)(b), F.S., during a 2-year transitional period: For two years after the effective date of this act the agency or its designee may conduct the hearing if a fulltime hearing officer conducts the hearing or if the division advises the agency that it cannot provide a hearing officer within a reasonable time. This exception was originally contained in s.120.65(3)(b), F.S., in both the House and Senate versions:
(b) The agency may conduct the hearings without regard to the provision of subsection (2) [now 120.57(1)] if within two (2) years after the effective date of this act: (i) the director advises an agency requesting assignment of a hearing officer that the director's staff is insufficient to provide the requested hearing officer within a reasonable time, or (ii) a full-time hearing officer conducts the hearing. See 1 J. of the House of Rep. 917 (1974); and 1 J. of the Senate 555 (1974). Had this provision remained in s. 120.65, it would have been part of the enacted s. 120.57(1)(c) and s. 120.65(2), F.S. The enacted transitional clause provides an exception to the hearing officer qualifications of s. 120.65(2), F.S., which applies only to full-time hearing officers employed by the division. Cf. proposed s. 120.65(3)(a) at 1 J. of the Senate 555 (1974). Under this exception an agency or its designee may conduct the hearing if a full-time hearing officer conducts the hearing or if the division advises that it cannot provide a hearing officer within a reasonable time. In the first instance, it is clear that the agency designee must be full-time so as not to have other duties with the agency. The second exception is activated upon the division's notification to the agency that it cannot provide a hearing officer within a reasonable time. Although what is reasonable must be ascertained in each instance by the factual situation presented, it is my opinion that the agency designee under the second exception of s. 120.57(1)(b), F.S., need not be a full-time hearing officer. The Legislature has clearly stated in ss. 120.57(1)(c) and (d), 120.65, and 120.71, F.S., the requirements of hearing officers and the instances when it is mandatory for a full-time hearing officer to preside. I am fully cognizant of s. 120.57(1)(c) and (d), F.S., which provides for a full-time hearing officer, employed by the division, to replace any non-full-time hearing officer other than an agency head or a member thereof. In Senate and House drafts adopted prior to conference committee, the two-year transitional exception was an express exception to s. 120.57(1)(d), F.S., and s. 120.57(1)(c), F.S., appears to have evolved from the conference. The transitional exception must be read in pari materia with the other statutory requirements of Ch. 120, F.S., and due recognition must be given to the apparent legislative intent to provide a mechanism for transition. Section 120.57(1)(c) provides a means to accomplish the full transition at the end of the two-year period. These requirements are applicable to the formal proceeding of s.120.57(1).